John Smith, Appellee, v. Emil Eiger et al., Appellants.

Gen. No. 14,096.

1. TENDER—*when need not be made.* A tender is not required where it is apparent that the making thereof would have been a useless act.

2. COSTS—*when should be awarded against successful complainant.* Costs should be awarded against the complainant where he has failed to recover more than that which the defendant had admitted and offered by answer to pay; this notwithstanding no

actual tender of the money was made, it appearing that actual tender would have been useless.

· Mechanic's lien. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded with directions. Opinion filed October 6, 1908.

**Statement by the Court.** Appellee filed a bill in the Circuit Court to enforce a mechanic's lien for labor and material furnished under a written contract. The contract is set forth in the bill of complaint, and provides *inter alia* that all payments shall be "made upon written certificates of the architect to the effect that such payments have become due and no payment shall be considered due nor shall the owner be considered to have made any default in payment until such written certificates shall have been issued by the architect and presented for payment and proper affidavits and waivers of lien furnished as provided by the mechanic's lien law of this state."

The cause was referred to a master, who found there was a failure on the part of the complainant to prosecute the work provided for under the contract with promptness and diligence and a failure in the performance of some of the agreements contained in the contract; that by reason of such failure on the part of complainant the owner was justified in availing himself of a provision in the contract authorizing him to terminate the·employment of the complainant and procure the work to be finished by another party; that the owner did so and paid one McIver for completing the work required by the contract the sum of $307.04; that after so paying for the completion of the work there was a balance due the complainant of $317.96; that on or about October 16, 1905, the architect mailed to complainant's attorney an architect's cetrificate for said sum of $317.96, which certificate was on the 25th of October following returned by complainant's said attorney with a letter in which it was stated that the

amount due complainant was "not $317.96 but $492.06," and that complainant had instructed him "to begin proceedings the last of this week" unless defendants should settle the claim.

After the bill was filed and at the commencement of the hearing before the master the defendants tendered payment of $317.96, the amount shown to be due under the architect's certificate, which tender did not include any interest or costs of the suit to date of tender. The master finds that complainant is entitled to a decree awarding him a lien and a personal decree for $317.96, together with interest thereon, and that defendants should be decreed to pay the costs of suit, including an attorney's fee of $125 to complainant's solicitor.

The decree finds the amount due complainant to be $317.96, that no tender of this sum was made to complainant before suit was brought, but such tender was made at commencement of hearing before the master, not however including interest and costs; that upon argument of exceptions to the master's report defendants tendered again to complainant in open court said sum of $317.96 in legal tender to be applied *pro tanto* on complainant's claim, reserving the question of interest, costs and master's fees, and that complainant declined to accept the tender so made; that there is due complainant $317.96 with interest at 5% per annum from November 3, 1905, to date of entry of the decree, amounting to $22.15, also $125 solicitors' fees, and $54.15 paid by complainant for stenographer's fees, to be taxed as costs, together with a master's fees of $178. It is therefore decreed that defendants pay complainant $519.26, the further sum of $178 to the master, also interest on $317.96 from date of the decree to day of payment, together with costs to be taxed.

From this decree the defendants prosecute this appeal.

ADLER & LEDERER, for appellants.

WILLIAM C. GIBONS, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The material question in this case is whether in view of the fact that an architect's certificate was furnished complainant in accordance with the provisions of the contract, finding $317.96 due him in full of all demands, and that the complainant refused to accept and return the architect's certificate to the defendants with a claim that the amount due him was "not $317.96 but $492.06," and a threat of legal proceedings to enforce such claim unless it was promptly satisfied, the defendants were under obligation to make a legal tender of the amount due as stated in the certificate and that failure to make such tender, properly and lawfully subjects them to payment not only of the amount the defendants admitted to be due and offered to pay, but also to payment of interest, solicitors' fees and all the costs of a proceeding, the result of which is a decree finding that the amount as fixed in the architect's certificate was in fact correct and stated the exact sum lawfully due him under the contract. The contract as above stated provides that all payments shall be made upon written certificates of the architect and that "no payment shall be considered due nor shall the owner be considered to have made default in payment until such written certificate shall have been issued by the architect and presented for payment." This is the contract of the parties. By its terms nothing was due complainant until he presented the architect's certificate to the defendants for payment. Complainant, however, refused to accept the certificate and returned it, demanding an additional sum, which the chancellor has found he was not entitled to. It is, we think, apparent that in view of the letter of complainant's counsel returning the certi-

ficate to defendants, a tender to the complainant of the
amount due under the certificate would have been an
act not only not required of defendants under the
terms of the contract but a useless act. In Gorham v.
Farson, 119 Ill. 425-442, it is said: "Where a credi-
tor in advance of an offer to pay or in response to
such offer informs the party under obligation to pay
that he will not accept the amount actually due in
discharge of the indebtedness the party under obliga-
tion to pay is relieved of the duty of tendering the
amount actually due."

The decree in this case while finding that $317.96,
the amount offered complainant by the terms of the
architect's certificate, was the exact sum lawfully due
him, goes further and saddles the defendants with the
costs of the procedure, including solicitors' and mas-
ter's fees for services rendered in an attempt by com-
plainant to recover more than was his due. This is
clearly inequitable. To sustain this decree in these
respects would tend to encourage unnecessary and
illegitimate litigation prosecuted for the purpose of
enforcing wrongful claims, to defend against which
might subject the defendant, as in this case, to a
penalty greater than the amount of the original debt.
A court of equity cannot sanction such procedure
merely because a useless tender of payment of a sum
already refused by the complainant, and not required
by the contract of the parties, was omitted. "It will
not allow the ends of justice to be perverted or de-
feated by the omission of an unimportant or useless
act, which nothing but a mere technicality could re-
quire." Dwen v. Blake, 44 Ill. 135-141.

Defendants in their answer to the bill of complaint
admitted an indebtedness of $317.96, the amount found
due complainant in the architect's certificate, and of-
fered to bring that sum into court and pay it to com-
plainant. Before any evidence was taken this sum was
legally tendered complainant and refused, as was a
subsequent tender of the same amount made in open

court. It is said in behalf of the complainant that he did not say he would not accept the offer of defendants to pay the $317.96 if tendered to him in money, and that the whole controversy was caused by defendants' failure to pay something which they afterward came in and admitted was justly due. The facts do not accord with this statement. The certificate was returned to defendants with an express refusal to accept it because it did not award complainant a sum in excess of what was found to be due him. When demand was made for such additional amount accompanied with a threat of immediate suit if the demand was not complied with, the defendants were justified in assuming that the complainant would refuse payment of the amount since he had returned the certificate for the same sum. Later when the tender was made before the master, complainant's counsel refused to accept it because, as he stated, the certificate was for $317.96 and showed no balance due beyond that and "therefore it being a tender in full of all claims against Eiger, the tender is refused."

The answer to the bill of complaint, however, admitted the issue of the architect's certificate for $317.96 and stated that this sum the defendants were willing to pay and "hereby offered to bring said sum into court and to pay said sum to complainant." Having admitted this sum to be due and offered to pay the amount actually found to be all that defendants owed the complainant, there was evidently no occasion for a reference to a master to take testimony to prove what the answer had admitted to be due. The costs of the reference taken to ascertain only what the defendants had admitted to be due were made at complainant's instance and should not be charged against the defendants. Neither is the complainant entitled to solicitors' fees incurred in an unsuccessful effort to recover what he was not entitled to. The allowance is erroneous. Manowsky v. Stephan, 233 Ill. 409-412. There having been, however, no tender of costs in-

curred up to the time of filing such answer made by the defendants but only of the principal sum, the defendants are not exonerated from liability for actual necessary court costs subsequently incurred. Sweetland v. Tuthill, 54 Ill. 217. The commencement of the suit was a demand for payment.

For the reasons indicated the decree of the Circuit Court must be reversed and the cause remanded to that court with directions to enter a decree in favor of the complainant for $317.96 and costs of court other than master's fees, the expenses of the reference and solicitors' fees.

*Reversed and remanded with directions.*